THOMAS L. GEIGER (SBN 199729)
Chief Assistant County Counsel
D. CAMERON BAKER (SBN 154432)
Deputy County Counsel
COUNTY OF CONTRA COSTA
1025 Escobar Street, Third Floor
Martinez, California 94553
Telephone:    (925) 655-2280
Facsimile:    (925) 655-2266
Electronic Mail: cameron.baker@cc.cccounty.us

Attorneys for Defendants COUNTY OF CONTRA COSTA, DEPUTY STEPHANIE
NELSON and DEPUTY CHRISTOPHER THOMAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY PACHOTE, an individual; and K.R.J. a minor, by and through their guardian ad litem, EDWARD JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, a municipal corporation; Deputy STEPHANIE NELSON, in her individual capacity as a sheriff deputy for the Contra Costa Sheriff Department; CHRISTOPHER THOMAS, in his individual capacity as a sheriff deputy for the Contra Costa Sheriff Department; and DOES 1-50 inclusive,<br><br>Defendants. | No. C21-04097 SK<br><br>JOINT LETTER BRIEF RE DISCOVERY DISPUTES<br><br>Crtrm:  C, 15th Floor<br>Judge: Hon. Sallie Kim, Presiding<br>Date Action Filed:  May 28, 2021<br>Trial Date:  December 12, 2023 |

Counsel for Plaintiffs and Defendants (collectively, "the parties") hereby submit the following joint discovery dispute letter pursuant to this Court's Standing Orders. Counsel for the parties hereby attest that they have met and conferred telephonically regarding the outstanding dispute to no avail and otherwise complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing this joint letter.

The parties submit this joint letter brief to solicit the Court's assistance in resolving the following discovery disputes:

1. Defendants' motion re Plaintiff KRJ's refusal to answer questions during his deposition;

2. Defendants' motion to compel compliance with their Rule 34 request to inspect the premises at 1216 Trigger Court, Rodeo.

The parties address these disputes in the order above.

## I. Defendants' Motion re KRJ's Refusal to Answer Deposition Questions

**Defendants' Position Statement**

In this action, Plaintiff KRJ, a minor diagnosed with some form of autism, alleges that he suffered emotional trauma as a result of witnessing his mother's arrest on May 28, 2020.  ECF No. 1, ¶¶11, 70-73.  Pursuant to the Court's Order re Discovery Letter, ECF No. 42, Defendants deposed Plaintiff KRJ on January 18 and 19, 2023.  During these deposition sessions, KRJ refused to answer numerous basic questions respecting the incident in question and the damages allegedly resulting from witnessing the incident.  Consequently, Defendants were unable to obtain critical testimony regarding his claim.  Based on KRJ's testimony, and willful refusal to answer questions, Defendants do not believe that KRJ would provide responsive information even if ordered to do so by the Court.  In this situation, under the Court's inherent authority, the Court could impose either terminating sanctions or evidentiary sanctions in terms of precluding KRJ from testifying as to the incident or any alleged damages resulting therefrom.  Alternatively, the Court could order KRJ to respond to questions pertaining to the incident and the alleged damages.

Throughout his deposition, KRJ refused to answer questions, including:

- Questions respecting the incident in question.  *See* January 19, 2023 Deposition Transcript, Exhibit B at 50:10-15, 53:18-54:2, 54:8-20, 55:16-21, 58:24-59:6, 59:20-23, 60:4-14, 64:19-65:4, 65:12-14, 66:4-12;

- Questions about bad memories or things he was afraid of. *See* January 18, 2023 Deposition Transcript, Exhibit A at 23:15-24:12, 37:16-24; and

- Questions respecting therapy he allegedly received in response to the trauma he allegedly experienced as a result of the incident. Exhibit B at 61:21-62:7.

KRJ's refusal to respond to these questions was volitional. He repeatedly testified that he was refusing to answer because he would not answer, not because he could not. Exhibit A at 23:15-24:12; *see also* Exhibit B at 59:3-6, 60:4-6, 61:21-23, 62:2-7. The suggestion below that KRJ is "incompetent" is not supported by any expert opinion, should have been raised during the earlier briefing respecting KRJ's deposition, and is belied by his ability to distinguish between "won't" and "can't" and his ability to testify on topics of interest, such as the family dogs and monster trucks. *See* Exhibit A at 23:23-24:8, 27:8-30:25 (testimony re family dogs), 33:2-34:19 (monster trucks).

As demonstrated by the record, counsel approached the relevant topics in different ways but despite the different approaches KRJ refused to provide responsive information. To be sure, KRJ may never have spoken to anyone about the incident. Exhibit B at 59:8-16. Based on the foregoing, including KRJ's willful refusal to respond to relevant questions, Defendants have concluded that a further deposition session would be a waste of the parties' time and resources.

In this situation, KRJ's refusal to provide critical information is intentional and has caused Defendants irreparable prejudice. Simply put, Defendants lack testimony on what KRJ witnessed, whether it caused him to suffer any trauma, and the extent to which he continues to suffer trauma. Testimony from his mother, Plaintiff Tracy Pachote, or his guardian ad litem, Edward Johnson, is no substitute for testimony from KRJ on these topics. Consequently, the Court could issue sanctions under its inherent authority. *LaJeunesse v. BNSF Ry. Co.,* 333 F.R.D. 649, 653 (D.N.M. 2019) (inherent power to dismiss case with prejudice "because of abusive litigation practices during discovery." Quoting *Garcia v. Berkshire Life Ins. Co.,* 569 F.3d 1174, 1179 (10th Cir. 2009); *see also TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 916 (9th Cir. 1987). Such sanctions could be

1
2

either dismissing KRJ's claim or precluding KRJ from testifying as to the incident or any alleged damages.

3
4
5
6
7
8

Should the Court believe that both of these remedies are too harsh and that KRJ should be provided with a warning regarding the consequences of any further refusal, Defendants request that the Court order KRJ to provide responses to their questions and all follow-up questions on these topics with KRJ responsible for the costs associated with this deposition session. Defendants do not need any additional time as they have more than two hours remaining.[1]

9

**Plaintiffs' Position Statement**

10
11
12
13
14
15

There is no dispute that Plaintiff K.R.J. is both a minor and diagnosed with autism. For this reason, Plaintiff has a *guardian ad litem*.[2] Federal Rules of Civil Procedure Rule 17 permits a party that lacks capacity to sue by way of a guardian. FRCP 17 (c) explicitly permits a representative to "sue or defend on behalf of a minor or an incompetent person". Here, Plaintiff K.R.J. is both a minor *and* incompetent due to his medical disability.

16
17
18
19
20

After a showing of good cause "the district court may issue any protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004) (citing Fed.R.Civ.P. 26(c))

21
22
23

Here, the whole purpose of a guardian *ad litem* is so that the representative may meet the legal requirements and prosecute or defend the case on behalf of the incompetent or minor. Defendants

24
25
26
27
28

---

[1] To date, Defendants have used approximately 1.5 of their four hours. Both deposition sessions concluded early due to KRJ's inability and/or unwillingness to proceed. The initial session on January 18 ended when KRJ was unable to proceed after Plaintiff's counsel raised his voice during the deposition. *See* Exhibit A at 40:1-25. The following day KRJ refused to answer any further questions, leading his counsel to state "we're done here." *See* Exhibit B at 67:9-13.

[2] Plaintiff will file a motion to appoint Edward Johnson as his guardian *ad litem* concurrently with this motion.

Joint Letter Brief Re Discovery Disputes - Case No. C21-04097 SK

4

1   deposed extensively both K.R.J's mother – Plaintiff Tracy Pachote – and his guardian *ad litem*,

2   Edward Johnson on both Plaintiff K.R.J.'s liability and damages.

3          The obvious reason that Plaintiff K.R.J. is not responsive to Defendants' counsel questioning

4   is not *volitional*; it is a byproduct of his disability and being a minor. It appears that Plaintiff K.R.J.

5   does not truly understand the gravity or circumstances of his lawsuit but that does not mean he is

6   precluded from recovery or claims may be dismissed. Instead, a representative must be appointed.

7   Plaintiff concedes that if K.R.J. refuses to testify about the incident that he may not do so at trial and

8   only his mother and guardian *ad litem* may testify to his damages. Plaintiffs offered this exact

9

10  concession to Defendants.

11         **II.      Defendants' Motion re Inspection of Premises at 1216 Trigger Court**

12  **Defendants' Position Statement**

13         On February 22, 2023, Defendants served via email a demand to inspect the premises of

14  Plaintiffs' residence at 1216 Trigger Court, where the incident took place, on March 24, 2023.  *See*

15  Exhibit C hereto.  During the meet and confer, Plaintiffs objected to the demand on the grounds of

16  timeliness and scope.  Both objections are meritless.  Equally meritless is their suggestion that the

17  dispute is not ripe for resolution.  The Court should compel them to permit the inspection on the date

18  and time requested.

19

20         Under the FRCP, there are no additional days added when service is via email.  Indeed, under

21  FRCP Rule 5(b)(2)(E), service via electronic means is complete on sending.  *See also* FRCP Rule 6

22  (authorizing additional days only where there is some other form of service, not email, that the parties

23  have consented to under FRCP Rule 5(b)(2)(F)). Thus, the inspection demand was timely.

24

25         Plaintiffs dispute this, asserting that they must consent to service via email (true) and that they

26  only consented to email service **if** three additional days were added (not true).  Plaintiffs' support for

27  this position is an email sent from Plaintiffs' counsel on September 2, 2021.  *See* Exhibit D hereto.

28  The email does not support Plaintiffs' position.

Joint Letter Brief Re Discovery Disputes - Case No. C21-04097 SK

The email clearly evidences Plaintiffs' written consent to use email as a mode of service. It expressly states "our firm intends to continue our use of electronic service both for receiving and sending documents." Exhibit D at 1. It goes on to state that "[i]f you wish to electronically serve our firm, please serve all email addresses of counsel of record" and Admin@LawyersFTP.com. *Id.*

However, contrary to Plaintiffs' position here, the email does not state Plaintiffs' consent to email service is conditioned on their being given an extra three days to respond. Plaintiffs presumably will rely on the following paragraph.

> Effective immediately, we will continue exclusively serving all outgoing documents []
> via electronic transmission (email). We will nonetheless extend all applicable response
> deadlines . . . by 3 days per the FRCP 4 & 6, as if the documents were served by U.S.
> Mail.

Exhibit D at 1. This language does not help Plaintiffs. The first sentence establishes that the deadline extension provided in the second sentence applies to documents **served** by Plaintiffs, not those **received** by Plaintiffs. This construction is bolstered by the fact that earlier in the email, Plaintiffs distinguished between "receiving and sending documents." *Id.*

Plaintiffs in their section below do not discuss their own language, which fatally undercuts their position. Instead, they discuss FRCP Rule 5 and the additional days provided with respect to service under FRCP 5(b)(2)(F). Notably, Rule 5 is not even mentioned in their email. Further to the point, Plaintiffs are the drafters of this particular contract. Consequently, any ambiguity is interpreted against them. *United States v. Lo,* 839 F.3d 777, 785 (9th Cir. 2016).

Plaintiffs' objection as to scope fares no better. During the meet and confer, Defendants clarified that the inspection would to take approximately an hour and was intended to get a sense of the layout of the premises, including the front stoop exterior area where the arrest took place and also some of the interior spaces, such as KRJ's and Ms. Pachote's bedrooms. An inspection of these spaces is appropriate as Ms. Pachote testified that she was in her bedroom when Deputy Nelson first knocked on the door and that at some point that night, KRJ was asleep on the couch in the living

room.  *See* August 2, 2022 Deposition of T. Pachote, Exhibit E hereto at 8:11-21.  Consequently, the inspection is tailored to the circumstances of this case and does not unnecessarily invade Plaintiffs' privacy.

Plaintiffs now argue that this dispute is not ripe for resolution.  Putting aside the fact that they did not raise this issue during the meet and confer process, it is refuted by a March 1, 2023 email in which Mr. Buelna wrote:  "Fact cutoff was March 27 and your Request fell outside it. You will have to seek court intervention. We will not permit the inspection based off the untimeliness and the unreasonable parameters. We'll need to submit a joint letter brief for this as well."

In light of the foregoing, the Court should compel Plaintiffs to permit the inspection of 1216 Trigger Court on March 24 as requested.

**Plaintiff's Position Statement**

Federal Rules of Civil Procedure Rule 5 (b) governs how service is made in federal cases. "[A]bsent specific written consent to accept service by electronic means such service is invalid." *See Ortiz–Moss v. N.Y. City Dept. of Transp.*, 623 F.Supp.2d 404, 407 (S.D.N.Y.2008); Fed.R.Civ.P. 5(b)(2)(E)).

"Without this written consent, such attempted service shall be considered **void**." *Ortiz–Moss v. N.Y. City Dept. of Transp.*, 623 F.Supp.2d 404, 407 (S.D.N.Y.2008) (internal quotations and citation omitted). Furthermore, "**[c]onsent must be express, and cannot be implied from conduct**." Wright–Jackson v. HIP Health Plan, No. 07 CIV. 1819(DFE), 2009 WL 1024244, at *7 (S.D.N.Y. Apr. 15, 2009) (quoting Advisory Committee Notes to Fed.R.Civ.P. 5, 2001 Amendments)."

Here Defendants have no **express** written consent from Plaintiffs that they were going to accept electronic service except **the offer** that Plaintiffs would accept electronic service with the condition of attaching an additional 3 days to the response time which formed an agreement under FRCP 5 (b)(2)(F). Indeed, it explicitly states that if these terms are objectionable the party should inform Plaintiffs by the following business day. Defendants never replied. Apparently they never

accepted the offer terms so there was no express consent between the parties which made Defendants service of the Demand for Inspection untimely and unenforceable.

More importantly, Defendants' served a demand for inspection that had no time length or scope simply stated the Plaintiff's address and that it would begin at 10 AM.

"Relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." *Centeno v. City of Fresno*, No. 1:16–CV–653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016). The court may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery"; or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

Here, Defendants' request to walk through and inspect the entire residence of Ms. Pachote and her son for an unlimited amount of time is unduly burdensome, an invasion of privacy and utterly irrelevant to Defendants' claims and defense.

The entirety of the incident in dispute took place on the porch and front door area. Defendants desire to look around Plaintiffs' bedrooms because that is where Plaintiff heard the knocking from is unpersuasive. It is undisputed that Defendant Nelson knocked on the door and that Plaintiff responded to the door. There is nothing in dispute or relevant as to Plaintiff's location when she heard the knock or even the time it took to answer the door. The entire incident revolves around whether or not an unlawful seizure occurred when Plaintiff told Defendant Nelson to leave her front porch and whether or not Defendant Nelson used excessive from when she dragged her from the inner threshold of the front door outside and tore her knee muscle – requiring surgery. Furthermore, there are much less instrusive ways to acquire that same information – by way of deposition of Plaintiff Pachote – which

1
2
Defendants already did. Defendants' unreasonable, untimely request appears solely to be an attempt to harass and intimidate Plaintiff.

3
4
5
6
7
        Finally, Defendants' motion to compel discovery is not ripe for resolution. Defendants served their requests on Feb. 22, 2023 but Plaintiffs responses are not due under either calculation until the end of March 24 or 28. Therefore there has not been any refusal in discovery yet. As such, Defendants motion is also premature.

8
9
        In conclusion, Plaintiff requests the Court to find the Defendants' Motion to Compel Requests for Inspection untimely, premature and unduly burdensome.

10
11
                                        Sincerely,

12
13
14
15
                        By:     /s/ D. Cameron Baker
                                D. CAMERON BAKER
                                Deputy County Counsel
                                Attorney for Defendants

16
17
18
                        By:      /s/ Patrick Buelna
                                PATRICK BUELNA
                                Attorney for Plaintiffs

19
20
21
22
23
24
25
26
27
28

Joint Letter Brief Re Discovery Disputes - Case No. C21-04097 SK