UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY PACHOTE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | Case No. 21-cv-04097-SK<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Regarding Docket Nos. 74, 79 |

This matter comes before the Court upon consideration of the motion for partial summary judgment filed by Plaintiffs Tracy Pachote ("Pachote") and minor K.R.J. ("K.R.J.") (collectively ("Plaintiffs") and the motion for summary judgment or, in the alternative, for summary adjudication filed by Defendants County of Contra Costa, Deputy Stefanie Nelson ("Nelson"), and Deputy Christopher Thomas ("Thomas") (collectively, "Defendants").  Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby DENIES Plaintiffs' motion and DENIES IN PART AND GRANTS IN PART Defendants' motion for the reasons set forth below.

**BACKGROUND**

In this action, Plaintiffs Pachote and her minor child K.R. J bring claims against Defendants for their conduct when they came to their house to investigate a telephone call Pachote made to report gun shots she heard in the neighborhood.  Nelson and Thomas went to Plaintiffs' home to investigate the gun shots, and Pachote was then arrested for battery of Nelson.  The charges against Pachote were later dropped.  Further facts are discussed below in the analysis.

Pachote brings the following claims against Defendants Nelson and Thomas:  (1) a claim under 42 U.S.C. § 1983 ("Section 1983") for excessive force in violation of the Fourth

Amendment against Defendants Nelson and Thomas, (2) a claim under 42 U.S.C. § 1983 ("Section 1983") for "Unlawful Seizure/Detention/Arrest" in violation of the Fourth Amendment against Defendants Nelson and Thomas, (3) a claim under Bane Act, Cal. Civ. Code § 52.1 against Defendants Nelson, Thomas, and County of Contra Costa, (4) a claim for battery under Cal. Penal Code § 242 against Defendants Nelson and Thomas, (5) a claim for negligence under California common law against Defendants Nelson and Thomas, and (6) a claim for "False Imprisonment/False Arrest" under California common law against Defendants Nelson and Thomas.  (Dkt. No. 1 (Compl.).)  Plaintiff K.R.J. asserts only one claim for negligent infliction of emotional distress against Defendants Nelson, Thomas, and County of Contra Costa.  (*Id.*)

## ANALYSIS

**A.     Applicable Legal Standard on Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party."  *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  A fact is "material" if it may affect the outcome of the case.  *Id.* at 248.  If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, set forth specific facts showing that there is a genuine issue for trial. *Nissan.*, 210 F.3d at 1102. In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care to adequately point a court to the evidence precluding summary judgment because a court is "not required to comb the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (citation omitted). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     The Parties' Cross-Motions for Summary Judgment.**

Plaintiffs move for partial summary judgment on Pachote's claims under Section 1983 that Nelson unlawfully detained and seized Plaintiff. Defendants move for summary judgment on: (1) K.R.J.'s claim for negligent infliction of emotional distress; (2) Pachote's Section 1983 claim for seizure prior to the use of force; (3) Pachote's Section 1983 claim based on her arrest by Nelson (as well as Plaintiff's state-law claims premised on Nelson's arrest); (4) Pachote's excessive force claim under Section 1983 against Thomas; and (5) Pachote's request for punitive damages against Thomas.

Plaintiffs do not oppose Defendants' motion on K.R.J.'s claim for negligent infliction of emotional distress. (Dkt. No. 83 at 4, fn. 2.) Therefore, the Court GRANTS Defendants' motion as to this claim as unopposed and DISMISSES WITH PREJUDICE the claim by Plaintiff K.R.J. for negligent infliction of emotional distress. The Court will address the remainder of the parties' motions in turn.

**1.     Seizure of Pachote Before Any Force – Knock and Talk.**

The parties dispute whether Pachote can maintain a claim under Section 1983 for seizure based on Nelson's conduct before there was a physical confrontation between Pachote, Nelson, and Thomas. Pachote alleges only one claim for seizure based on the entire series of events.

3

Pachote alleges that Nelson broke through the gate leading to Pachote's house, refused to leave after Pachote told her to several times to leave, and grabbed Pachote to prevent her from retreating into her home. (Dkt. No. 1 (Compl.), ¶¶ 2, 3, 5, 25-27, and 29.) Pachote's claim for unlawful seizure incorporates all allegations from the Complaint. (*Id*., ¶ 41.)

Despite the framing of the claim for unlawful seizure based on the entire series of events, all the parties address the claim as if there are two separate and discrete claims – one before the physical confrontation and one after. Here, though, there is only one claim. Therefore, the Court must consider Pachote's allegations regarding Nelson's conduct before any physical confrontation as part of her overall claim for unlawful seizure as opposed to a separate stand-alone claim for unlawful seizure before the physical confrontation.

There is a factual dispute about the seizure based on the entire sequence of events. Pachote stated in her deposition that she (Pachote) took no physical action against Nelson but merely stated: "You want to be a smart ass bitch today, I see." (Dkt. No. 74-1 (Deposition of Tracy Pachote, attached as Exhibit 1 to the Declaration of Patrick Buelna) at 13:16-14:10.) Pachote further testified that, immediately after that statement, Nelson "pushed up" on her arm, "giggled," and told Pachote that she was "under arrest for assaulting a police officer." (*Id*. at 14:4-10.) In contrast, Nelson stated in her declaration that she did not touch Pachote but that Pachote "reached around my left shoulder and slammed the screen door on my back," two times and that only after Pachote had pushed and pulled Nelson did Nelson "use force to detain her." (Dkt. No. 80-3 (Declaration of Stephanie Nelson, attached as Exhibit C to the Declaration of D. Cameron Baker) at ¶¶ 11, 13).) Under Pachote's version of the facts, based on the entire sequence of events, she can maintain a claim for unlawful seizure based on nothing more than her insults. *Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990) ("'[W]hile police. . . may resent having obscene words and gestures directed at them, they may not exercise the awesome power at their disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment."); *see also Mackinney v. Nielsen*, 69 F.3d 1002, 1007 (9th Cir. 1995) ("Even when crass and inarticulate, verbal challenges to the police are protected. . . . [officer] should have known that [plaintiff's] verbal protests could not support an arrest. . . . It was unreasonable of him

4

to think otherwise.").

Given this factual dispute, the Court denies the cross-motions for summary judgment by Plaintiffs and Defendants on the purported claim for unlawful seizure, separate and apart from the physical confrontation and formal arrest.

### 2. Pachote's Claims Based on Nelson's Arrest.

Nelson moves for summary judgment on Pachote's Section 1983 claim and state-law claims premised on the arrest based on the argument that Thomas and not Nelson made the arrest. (Dkt. No. 80-3 at ¶ 19.) Thus, Nelson argues that she cannot be liable for this claim. However, there are questions of fact, including Nelson's own statement that she "began to use force to detain Pachote." (Dkt. No. 80-3, ¶ 14.) This fact indicates that Nelson was part of the arrest and thus precludes summary judgment on this claim.

As noted above, an arrest based solely on insults violates the Fourth Amendment, and there is a factual dispute about the reasons for Nelson's actions. These facts, interpreted in the light most favorable to Pachote, show that Nelson was involved in the arrest and that the arrest was improper. Accordingly, the Court DENIES Defendants' motion on Pachote's claims premised on her arrest.

### 3. Pachote's Claim for Excessive Force by Thomas.

Defendants also move for summary judgment on Pachote's claim for excessive force by Thomas. Thomas claims that his use of force was justified because he only saw Pachote and Nelson involved in a struggle and thus went to her assistance. (Dkt. No. 79 at page 28.) Thus, the factual question is what Thomas saw or knew before he became involved in the physical altercation with Pachote and Nelson. Pachote states that she did not use any force against Nelson but that, without any provocation, Thomas went into Pachote's home, pushed Pachote from behind, and fell onto her back with his knees. (Dkt. No. 74-1 at 14:6-10; 15:3-5; 17:15-25; 18:22-19:13.) Thomas testified that, when he first saw Nelson and Pachote, Nelson was on the porch approximately three feet away from Pachote. (Dkt. No. 74-9 (August 24 and 25, 2020 Hearing Transcript from *People v. Pachote*, attached as Exhibit 9 to the Buelna Decl.) at 56:8-19.) Thomas testified that he saw Pachote push Nelson. (*Id*. at 4-10.) He further explained in a declaration that,

after the push, he observed Pachote and Nelson engage in a physical struggle and that he then assisted Nelson in controlling and hand-cuffing Pachote. (Dkt. No. 80-4 (Declaration of Christopher Thomas, attached as Exhibit D to the Baker Decl.), ¶¶ 7-9.) However, Pachote disputes that she pushed Nelson and instead testified that Nelson initiated the physical contact. (Dkt. No. 74-1 at 16:4-10, 33:25-34:5.) Despite his testimony about what he observed, Thomas's initial call to dispatch regarding Pachote's arrest was only for disturbing the peace and did not include battery of a police officer or resisting arrest. (*Id*. at 57:4-8; 75:8-22; Dkt. No. 74-10 (Deposition of Christopher Thomas, attached as Exhibit 10 to the Buelna Decl.) at 64:13-65:8.) Moreover, while there were numerous people outside when Thomas and Nelson handcuffed Pachote, Thomas did not interview any of the neighbors as potential witnesses regarding the incident. (Dkt. No. 74-10 at 59:16-60:12.) Approximately an hour and a half later, Thomas changed the arrest to one for battery of a police officer. (Dkt. No. 74-9 at 77:2-78:7.)

Viewing these facts in the light most favorable to Pachote, a reasonable juror could find that Thomas knew that there was no basis for arresting Pachote and merely fabricated a story to support arresting Pachote to cover up for Defendants' unprovoked, unjustified force against Pachote. In other words, a reasonable juror could find that Thomas had no justification to use *any* force against Pachote because he knew that she had not done anything illegal. Accordingly, the Court DENIES Defendants' motion as to Pachote's excessive force claim against Thomas.

### 4. Qualified Immunity.

Nelson and Thomas also contend that they are entitled to qualified immunity on Pachote's Section 1983 claims. The doctrine of "qualified immunity shields individual officers from liability for civil damages insofar as their conduct did not violate clearly established constitutional rights of which a reasonable person would have known." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 788 (9th Cir. 2016) (internal quotation marks and alterations omitted). "Summary judgment on qualified immunity is not proper unless the evidence permits only one reasonable conclusion." *Munger v. City of Glasgow Police Dep't.*, 227 F.3d 1082, 1087 (9th Cir. 2000). The court must determine "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Estate*

6

*of Lopez v. Gelhaus*, 871 F.3d 998, 1005 (9th Cir. 2017).  A constitutional right is "clearly established" at the time of the incident if "the contours of that right [are] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

Generally, a clearly established right cannot be determined at a high level of generality. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).  However, some cases involve "conduct so clearly and obviously wrong that the conduct itself unmistakably 'should have provided [defendants] with some notice' that their alleged conduct violated their targets' constitutional rights." *Hardwick v. County of Orange*, 844 F.3d 1112, 1120 (9th Cir. 2017) (quoting *Hope v. Pelzer*, 536 U.S. 730, 745 (2002) (holding social workers were not entitled to qualified immunity when they perjured testimony and fabricated evidence).

### i.  **Unlawful Seizure.**

Defendants argue that qualified immunity applies to Nelson's conduct before any physical confrontation, but Pachote only has *one* claim for unlawful seizure that extends from the time Nelson first encountered Pachote on her front porch to the time Pachote was arrested.  Defendants do not argue that they are entitled to qualified immunity on Pachote's claim for seizure to the extent it is premised on her arrest.  Instead, they focus on the allegations before the formal arrest.  However, as discussed above, the Court cannot grant summary judgment on a claim which does not actually exist in Plaintiffs' Complaint as a stand-alone, separate claim.  Because Defendants do not even move for qualified immunity on Pachote's arrest (which is part of Plaintiff's unlawful seizure claim), the Court DENIES Defendants' motion as to qualified immunity on Pachote's claim for unlawful seizure.

Additionally, as a separate and independent reason for denying qualified immunity on Pachote's claim for unlawful seizure, Pachote disputes that she initiated any physical contact with Nelson.  As discussed above, she contends Nelson initiated physical contact with her.  (Dkt. No. 74-1 at 14:6-10; 15:3-5; 16:4-10, 17:15-25; 18:22-19:13, 33:25-34:5.)  Taking Plaintiff's version of the events as true, there are questions of fact which preclude the Court from finding Nelson is entitled to qualified immunity on Pachote's unlawful seizure claim.  *Castellanos v. United States*,

7

438 F. Supp. 3d 1120, 1137-38 (S.D. Cal. 2020) (finding no qualified immunity based on questions of fact regarding unlawful seizure and existence of probable cause); *Cupp v. Smith*, 2022 WL 541177, at *4-5 (N.D. Cal. Feb. 23, 2022) (finding no qualified immunity because there were "triable issues of fact as to whether defendant violated plaintiff's Fourth Amendment rights").

### ii. Excessive Force.

Defendants argue that Thomas is entitled to qualified immunity on Pachote's claim against him for excessive force. In their motion, Defendants focus on their version of the facts, even though there is a disputed issue of fact about the events leading to the use of force. Here, the Court must consider the facts and inferences from them in the light most favorable to Plaintiffs. As stated above, a reasonable juror could find that Thomas knew that there was no basis for arresting Pachote and merely fabricated a story to support arresting Pachote to cover up for Defendants' unprovoked, unjustified force against Pachote. If true, a reasonable officer would know that it would violate Pachote's clearly established Fourth Amendment rights to use force to arrest her without probable cause but as a way to cover up Nelson's and Thomas' unprovoked, unjustified use of force against Pachote. When an officer fabricates a basis to arrest an individual, courts have had no trouble finding qualified immunity is inapplicable. *Hope*, 536 U.S. at 745 (no qualified immunity when defendants perjured testimony and fabricated evidence); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001) (finding it "virtually self-evident" that a "constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government" was clearly established); *Franklin v. Mally*, 2019 WL 2548687, at *7 (N.D. Cal. Jun. 20, 2019) ("it is obvious to any reasonable officer that they cannot cite a suspect based on knowingly false information, from which a prosecutor would file charges.") Accordingly, the Court DENIES Defendants' motion for qualified immunity on Pachote's claim for excessive force against Thomas.

### 5. Punitive Damages Against Thomas.

A jury may award punitive damages for a Section 1983 claim of excessive force either "when a defendant's conduct was driven by evil motive or intent, or when it involves a reckless or callous indifference to the constitutional rights of others." *Dang v. Cross,* 422 F.3d 800, 807 (9th

Cir. 2005) (citation and internal quotation marks omitted); *Smith v. Wade,* 461 U.S. 30, 33 (1983). Courts have denied summary adjudication on the issue of punitive damages when there were factual disputes regarding the use of excessive force. *See Johnson v. County of San Bernardino*, 2020 WL 5224350, at *30 (C.D. Cal. June 24, 2020) (finding that if a jury determined that the officer "engaged in excessive force, a factfinder may tie a punitive damages finding to that conclusion"); *Smith v. County of Orange*, --- F. Supp. 3d ---, 2023 WL 4680798, at *20 (C.D. Cal. June 23, 2023) ("This Court 'is not inclined to take the question of punitive damages out of the factfinder's hands where there are still viable claims for, among other things, an unreasonable seizure and excessive force . . . .'") (quoting *Johnson*, 2020 WL 5224350, at *30).

Here, as discussed above, there are questions of fact which preclude granting summary judgment on the excessive force claim against Thomas. Moreover, viewing the evidence in the light most favorable to Pachote, a jury could find that Thomas had a reckless or callous indifference to Pachote's constitutional rights. Accordingly, the Court DENIES Thomas' motion as to punitive damages.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's motion for partial summary judgment and GRANTS IN PART AND DENIES IN PART Defendants' motion for summary judgment or, in the alternative, for summary adjudication. The Court GRANTS Defendants' motion as to K.R.J.'s claim for negligent infliction of emotional distress and DENIES Defendants' motion as to the remainder of Plaintiffs' claims.

**IT IS SO ORDERED**.

Dated: November 3, 2023

_____
SALLIE KIM
United States Magistrate Judge